UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD SPRUEL, ) | Case No. C08-505-JCC-JPD |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| STATE OF WASHINGTON, ) | |
| Respondent. ) | |

Petitioner Richard Spruel, proceeding *pro se*, filed a "Petition for a Writ of Mandamus Prohibition" with the United States District Court for the District of Columbia. Dkt. No. 1. Based on the rights violations alleged in the petition, the District Court for the District of Columbia determined that the request was a petition for writ of habeas corpus, and transferred the case to this Court as the district in which petitioner is incarcerated. Dkt. No. 3. Since that time, petitioner has filed two letters with this Court, Dkt. Nos. 7 and 9, aggressively asserting that the relief he seeks is not a writ of habeas corpus, but rather access to certain "legal material" containing "exculpatory evidence," that, he contends, was confiscated from him by King County jail officers on October 4, 2007. Dkt. No. 1 at 3, 12. For the following reasons, the Court recommends that the Petition be DENIED.

The Court understands that petitioner is not currently seeking habeas relief. This means that petitioner's claim regarding confiscated property would lie, if at all, under 42

REPORT AND RECOMMENDATION
PAGE – 1

01 U.S.C. § 1983. Petitioner, however, is a "three strikes litigant" pursuant to 28 U.S.C. §
02 1915(g). *See, e.g.*, *Spruel v. Lehman*, C00-5246-FDB (W.D. Wash.); *Spruel v. Hoare*, C00-
03 5110-RJB (W.D. Wash.); *Spruel v. Morgan*, C00-5046-FDB (W.D. Wash.). Absent a
04 showing of "imminent danger of serious physical injury," petitioner's IFP application in a §
05 1983 claim would be barred. 28 U.S.C. § 1915(g). To file a § 1983 complaint, petitioner
06 would be required to pay the $350 filing fee or fall within the imminent danger exception of 28
07 U.S.C. § 1915(g).

08 However, even if petitioner paid the filing fee and filed a § 1983 complaint, it would
09 likely be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.
10 12(b)(6). A prisoner who alleges that prison officials deprived him or her of a property
11 interest without due process cannot state a constitutional claim if the state provides an
12 adequate post-deprivation remedy. *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989); *see
13 also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional
14 deprivation of property by a state employee does not constitute a violation of the procedural
15 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
16 postdeprivation remedy for the loss is available"). The Ninth Circuit has held that an adequate
17 post-deprivation remedy for confiscated property is available in the State of Washington
18 through, for example, the Washington State Tort Claims Act. R.C.W. § 4.92; *Newell*, 871
19 F.2d at 887. Petitioner must therefore utilize Washington's post-deprivation remedy in lieu of
20 filing a civil rights claim with this Court.

21 For the above reasons, the Court recommends that petitioner's Petition for Writ of
22 Mandamus Prohibition be DENIED and the case DISMISSED without prejudice. As a result,
23 petitioner's IFP Application should be DENIED as moot. A proposed order accompanies this
24 Report and Recommendation.

25 //
26 //

REPORT AND RECOMMENDATION
PAGE – 2

01     DATED this 18th day of July, 2008.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3